UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CARTER J. HARDY | ) | Case No. 09-18964-SSM |
| ELSIE ORE-OLUWA FAMUTIMI HARDY | ) | Chapter 7 |
| | ) | |
| Debtors | ) | |
| | ) | |
| CHASE HOME FINANCE, LLC | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CARTER J. HARDY *et al.* | ) | |
| | ) | |
| Respondents | ) | |

**MEMORANDUM OPINION**

A hearing was held on January 5, 2011, on the motion of Chase Home Finance, LLC, for relief from the automatic stay in order to enforce a deed of trust against real property located at 4543 Glendale Road, Woodbridge, Virginia.  The movant was present by counsel.  No appearance was made by or on behalf of the debtors, who, although represented by counsel in this case, filed a *pro se* response opposing the motion.  No response was filed, or appearance made, by the chapter 7 trustee, whose final report and account was approved more than five months ago.  For the reasons stated, the motion will be granted, but without any finding that the movant is entitled to foreclose.

1

<u>Background</u>

Carter J. Hardy and Elsie Ore-Oluwa Famutimi Hardy ("the debtors") filed a voluntary

petition in this court on October 30, 2010.  On their schedules, they listed an ownership interest

in a single-family residence located at 4543 Glendale Road, Woodbridge, Virginia, which they

valued at $164,000, subject to three mortgages totaling $373,499.  The debtors received a

discharge on February 16, 2010.  The only asset administered by the trustee was an automobile,

which was sold back to the debtors for $4,000.  The trustee's final report and account, which was

approved on July 29, 2010, reported that the estate's interest in the Glendale Road property had

not been formally abandoned but would be "deemed abandoned" under § 554(c), Bankruptcy

Code, upon the closing of the case.  For reasons that are unclear, no order has been entered

closing the case.

The present motion for relief from the automatic stay was filed on December 1, 2010, and

alleges that the payments on the note secured by the deed of trust are four months in arrears.  The

debtors filed *pro se* a timely response admitting that they had fallen behind at one point after one

of the debtors had been involved in an accident but asserting that they had since caught up and

were now and for many months had been current in their payments.  They also assert that

counsel for the movant has refused to respond to their inquiries.

<u>Discussion</u>

Were the automatic stay still in effect with respect to the debtors' interest in the property,

the court would set an evidentiary hearing to resolve whether or not the loan is currently in

default.  The difficulty, however, is that the automatic stay expired, as to the debtors' interest in

the property, when they were granted a discharge.  § 362(c)(2)(C), Bankruptcy Code.  It remains

2

in effect with respect to the bankruptcy estate's interest in the property until such time as the property ceases to be property of the estate.  § 362(c)(1), Bankruptcy Code.  Since the property has not been formally abandoned, it will remain property of the estate until the case is closed, at which time it will be deemed abandoned.  § 554(c), Bankruptcy Code.  However, since the trustee, as evidenced by the approved final report and account, has obviously elected not to administer the property, and since only the trustee has standing to oppose the motion on behalf of the bankruptcy estate, there is no legal basis for denying relief from the automatic stay as to the trustee.

In granting relief as to the trustee, however, the court expressly makes no findings that the note secured by the deed of trust is in arrears or that the movant has the legal right to foreclose.  The court finds only that the estate has no interest in the property and that the automatic stay has terminated with respect to the debtors, thereby leaving the parties to their state law rights, defenses, and remedies.

A separate order will be entered consistent with this opinion.

Date: _____                    _____

                                                 Stephen S. Mitchell
Alexandria, Virginia                             United States Bankruptcy Judge

3

Copies to:

Trenita Jackson-Stewart, Esquire
Shapiro & Burson, LLP
236 Clearfield Avenue, Suite 215
Virginia Beach, VA 23462
Counsel for the movant

Carter J. Hardy
Elsie Ore-Oluwa Famutimi Hardy
4543 Glendale Rd.
Woodbridge, VA 22193
Debtors

Daniel Lee Grubb, Esquire
Dunlap, Grubb &Weaver P.L.L.C.
199 Liberty St. S.W.
Leesburg, VA 20175
Counsel for the debtors

Robert O. Tyler, Esquire
Tyler, Bartl, Ramsdell & Counts, P.L.C.
700 S. Washington Street, Suite 216
Alexandria, VA  22314
Chapter 7 trustee